# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne Castetter,                      :
                      Petitioner     :
                                     :
            v.                       :      No. 892 C.D. 2018
                                     :      Submitted: February 8, 2019
Pennsylvania Board of Probation and  :
Parole,                              :
                      Respondent     :


**BEFORE:    HONORABLE RENÉE COHN JUBELIRER,** Judge
            **HONORABLE ROBERT SIMPSON,** Judge
            **HONORABLE MICHAEL H. WOJCIK,** Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: May 7, 2019**


Wayne Castetter (Castetter) petitions for review of the May 30, 2018 Order of the Pennsylvania Board of Probation and Parole (Board). This Order dismissed as untimely Castetter's April 21, 2017 Request for Administrative Remedy and February 25, 2018 correspondence, challenging the Board's Decision mailed February 13, 2014, recommitting him as a convicted parole violator (CPV), imposing a period of backtime, and recalculating his parole violation maximum date. Castetter is represented by Jessica A. Fiscus, Esquire (Counsel), of the Erie County Public Defender's Office. Counsel has filed a Petition for Leave to

Withdraw as Counsel (Application to Withdraw) and an *Anders*[1] Brief, which are based on her conclusion that the issue raised in Castetter's Petition for Review is without merit and is wholly frivolous. For the following reasons, we grant Counsel's Application to Withdraw and affirm the Board's Order.

In December 2003, the Lackawanna County Court of Common Pleas (trial court) sentenced Castetter to a term of imprisonment of 5 years, 6 months to 11 years for robbery and a consecutive term of 6 months to 1 year for unsworn falsifications to authorities (Pennsylvania Sentence). (Certified Record (C.R.) at 1.) Thereafter, the State of New York (New York), in November 2006, sentenced Castetter to a term of imprisonment of 4 years, 6 months to 9 years for a drug offense and 7 years for robbery (New York Sentence), with the underlying conduct having occurred in 2003. Castetter was to serve the New York Sentence concurrently with the Pennsylvania Sentence. Castetter's aggregate sentence was 6 to 12 years of imprisonment with a minimum date of April 16, 2009, and a maximum date of April 16, 2015.

The Board paroled Castetter from the Pennsylvania Sentence by Board Decision recorded on March 6, 2009, and he was released to New York's detainer sentences on July 7, 2009. New York released Castetter on parole on December 10, 2010, with a post-release supervision maximum date of December 10, 2015. On October 17, 2012, the Syracuse Police Department arrested Castetter on charges of burglary and criminal mischief related to an October 16, 2012 burglary of a store. (*Id.* at 35-36.) The burglary charge was dismissed, and, on December 3, 2012, a New York Court sentenced Castetter to one year of imprisonment for criminal mischief, to run concurrently with his prior parole sentence. (*Id.* at 46.)

---

[1] *Anders v. California*, 388 U.S. 924 (1967).

Consequently, the Board issued a Warrant for Castetter's arrest on February 1, 2013, he was available to the Board on October 17, 2013, and he was returned to the custody of the Department of Corrections (Department) on October 19, 2013. (*Id.* at 47-48, 76.) Castetter waived his right to a panel hearing and a revocation hearing, as well as his right to be represented by counsel. Castetter acknowledged on December 9, 2013, that he was convicted of criminal mischief in violation of his parole. By Decision mailed February 13, 2014, the Board recommitted Castetter as a CPV, directed that he serve 12 months of backtime, and recalculated his parole violation maximum date from April 16, 2015, to July 27, 2019, reflecting that the Board did not give Castetter credit for his time spent at liberty on parole. (*Id.* at 79.) In its Order to Recommit, the Board made the following calculations: Castetter had 2109 days remaining on his Pennsylvania Sentence when he was released by the Board on parole on July 7, 2009; he was not entitled to any confinement credit or backtime credit; and adding 2109 days to Castetter's return to custody date of October 17, 2013, his new parole violation maximum date was July 27, 2019. (*Id.* at 76.)

On March 13, 2014, Castetter filed an Administrative Appeal to the Board's February 13, 2014 Decision. Therein, Castetter challenged the 12 months of backtime the Board imposed based upon his most recent New York conviction. (*Id.* at 81-82.) Castetter argued the backtime exceeded the presumptive range for criminal mischief, and the Board did not provide written justification for its decision. Castetter did not check the box associated with a sentence credit challenge or otherwise indicate he disagreed with the Board's recalculation of his maximum sentence. Following the Board's decision denying reparole on September 9, 2014, which established a new parole eligibility date, the Board

3

dismissed Castetter's Administrative Appeal as moot by decision mailed on September 17, 2014.

The Board reparoled Castetter via decision dated April 21, 2015 and released him to the Wernersville Community Corrections Center on June 15, 2015. On October 29, 2015, New York advised the Board that Castetter violated the conditions of his parole on September 24, 2015, by testing positive for a variety of illegal substances, which New York considered a "significant" violation. (*Id.* at 100, 102.) New York's parole officials assessed 15 months of "delinquent time" for the violation or Castetter could choose to return to supervision following his completion of a 90-day drug treatment program. (*Id.* at 112, 116.) Thereafter, Castetter was in and out of custody in New York and Pennsylvania between 2016 and 2018 as a result of various violations of the terms of his parole.[2]

While in a New York prison, Castetter filed the April 21, 2017 Request for Administrative Remedy with the Board, in which he appealed the Board's February 13, 2014 Decision. (*Id.* at 185.) Therein, Castetter indicated that he was appealing on the following grounds: "Violation of Constitutional Law"; "Recommitment Challenge"; and "Other." (*Id.*) He argued the Board lacked the authority to change the judicially imposed maximum sentence, the sentence credit and order of sentence provisions had to be recalculated to reflect the original maximum sentence order by the trial court, and the terms and conditions of parole were an illegal contract. (*Id.* at 186-89.) Castetter sent additional correspondence to the Board, dated February 25, 2018, challenging the Board's time calculation and recalculation of his parole violation maximum sentence on the basis that he

---

[2] This history is reflected in pages 119 to 184 of the Certified Record.

4

believed he should not have lost his street time for "the time that [the Board] had a Warr[a]nt lodged against [him]." (*Id.* at 192-93.)

By its Order mailed May 30, 2018, the Board responded to Castetter's April 21, 2017 Request for Administrative Remedy and February 25, 2018 correspondence. (*Id.* at 194.) Concluding that Castetter was objecting to the recalculation of his maximum date, the Board considered these documents to be a Petition for Administrative Review of its February 13, 2014 Decision. Citing its regulation at 37 Pa. Code § 73.1(b), which requires that petitions for administrative review be received by the Board within 30 days of the mailing date of the decision being challenged, the Board held that Castetter had until March 13, 2014, to object to the February 13, 2014 Decision. Because Castetter's current challenges were filed after March 13, 2014, the Board dismissed them as untimely.

Counsel filed, on Castetter's behalf, a Petition for Review in this Court.[3] Therein, Castetter asserted that the Board "erred in the re-calculation of his maximum" date because the Board "did not afford him credit for time spent in a New York Prison from 2009 until December of 2010." (Petition for Review ¶ 6.) The Board filed a Motion to Limit the Issue/Application for Stay (Motion), requesting the Court limit the issue to timeliness and stay the proceedings, including the filing of a certified record until the Motion is decided. Castetter filed an Answer, in which Counsel objected she could not effectively represent Castetter without having the opportunity to review his records. By Order dated August 20, 2018, this Court denied the Motion.

---

[3] Our review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or whether constitutional rights of the parolee were violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

On November 26, 2018, Counsel filed the Application to Withdraw averring that, after making a conscientious examination of Castetter's filings and correspondence, the case law, and the certified record, she believed Castetter's appeal is frivolous. (Application to Withdraw ¶¶ 2-3.) In the Application, she indicates she was filing an *Anders* Brief addressing the issue Castetter raised in the Petition for Review, she had provided a copy of that brief to Castetter, and she had advised him of his right to obtain new counsel and to raise, pro se, any additional points he believes warrants the Court's attention. (*Id.* ¶¶ 4-5; Attachment A to the Application to Withdraw.) Therefore, Counsel requested the Court to independently review the record and grant her Application to Withdraw. There is no indication in the record that Castetter has retained alternative counsel or that he has filed anything reflecting additional issues he believes warrants judicial review. Accordingly, we will consider Counsel's Application to Withdraw and, if necessary, the Board's Order.

Where a parolee's right to counsel is constitutional, appointed counsel must file an *Anders* Brief in support of an application to withdraw. A constitutional right to counsel arises in appeals from determinations revoking parole and exists where a parolee has a

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). In contrast, where a

parolee's right to counsel is granted by statute, a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), is sufficient, and counsel is not required to file an *Anders* brief. *See* Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10) (providing that the public defender is "responsible for furnishing legal counsel" in "[p]robation and parole proceedings and revocation thereof" "to any person who, for lack of sufficient funds, is unable to obtain legal counsel"); *Commonwealth v. Santiago*, 978 A.2d 349, 351 n.2 (Pa. 2009); *Hughes*, 977 A.2d at 24-25.

While an indigent parolee has the right to assistance of counsel, a parolee is not entitled to representation by appointed counsel to pursue a frivolous appeal. *Adams v. Pa. Bd. of Prob. & Parole*, 885 A.2d 1121, 1123 (Pa. Cmwlth. 2005). In those situations, "court appointed counsel may seek to withdraw if counsel concludes, after a thorough review of the record, [that] the appeal is 'wholly frivolous.'" *Id.* A wholly frivolous appeal is one that "completely lacks factual or legal reasons that might arguably support" it. *Id.* To withdraw, counsel must first "send to the petitioner: (1) a copy of the . . . [*Anders* B]rief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007)). An *Anders* Brief, must, at a minimum:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

7

*Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.5 (Pa. Cmwlth. 2010) (emphasis omitted) (quoting *Santiago*, 978 A.2d at 361).

If a parolee has a statutory right to legal assistance, counsel seeking to withdraw has to file a no-merit letter or *Turner* letter, which must include an explanation of "the nature and extent of [counsel's] review and [a] list[ of] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. If counsel complies with the technical requirements of, where required, an *Anders* Brief or a no-merit letter, this Court will independently assess the merits of the case to determine if the petition for review is, as counsel asserts, frivolous or without merit. *Seilhamer*, 996 A.2d at 44.

While it is unclear whether an *Anders* Brief, as opposed to a no-merit letter, would be necessary in these circumstances,[4] reviewing Counsel's Application to Withdraw and *Anders* Brief under either standard reveals that she has satisfied the technical requirements set forth above. Counsel has: notified Castetter of her request to withdraw; furnished Castetter with a copy of the *Anders* Brief; and informed Castetter that he had a right to file a brief raising any issues he believed have merit or to obtain new counsel. A review of Counsel's *Anders* Brief likewise shows it meets the technical requirements. It provides record citations and a summary of the procedural history and facts, reflecting the nature and extent of Counsel's review of the record. Counsel identified the issue raised in the Petition

---

[4] Castetter does not argue that he did not engage in the conduct that resulted in the revocation of his parole and recommitment as a CPV, and his issue does not reflect that "there are substantial reasons which justified or mitigated the violation and make revocation inappropriate," or involves "reasons [that] are complex or otherwise difficult to develop or present." *Hughes*, 977 A.2d at 26 (quoting *Gagnon*, 411 U.S. at 790).

8

for Review and discusses, citing relevant precedent and the Board's regulations, why Castetter's Petition for Review is frivolous and/or without merit as the issue asserted therein is waived having been untimely raised. Counsel's *Anders* Brief reflects that she thoroughly reviewed the record and the applicable law. Therefore, Counsel has complied with the technical requirements for filing an application to withdraw. Accordingly, we must now independently review the merits of Castetter's Petition for Review to determine if, indeed, it is frivolous. Frivolousness is a slightly higher standard than without merit and, therefore, if an issue is frivolous, it is necessarily without merit. *Zerby*, 964 A.2d at 960.

The Board's February 13, 2014 Decision recommitted Castetter as a CPV, directed him to serve 12 months of backtime, and recalculated his parole violation maximum date to July 27, 2019. Pursuant to the Board's regulation at 37 Pa. Code § 73.1(a)(1), (b)(1), any challenge to this Decision, whether termed an administrative appeal or petition for administrative remedy, must be received by the Board within 30 days of the mailing date of the decision being challenged. "Where a [parolee] fails to meet this deadline, this [C]ourt has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). Moreover, any issue not contained within a timely appeal is "waived for purposes of appellate review by this [C]ourt." *Id.* at 1094-95

In March 2014, Castetter did file a timely Administrative Appeal from the Board's February 13, 2014 Decision; however, in that appeal he challenged only the length of the backtime the Board imposed. (C.R. at 81-82.) He did not assert any objection to the Board's recalculation of his parole violation maximum date in that timely filed Administrative Appeal. (*Id.*) Thus, the issue raised in the current

9

Petition for Review was not preserved in that Administrative Appeal. *McCaskill*, 631 A.2d at 1094. Castetter did not raise his challenge to the recalculation of his parole violation maximum date until April 21, 2017, and February 25, 2018, when, respectively, he filed a Request for Administrative Remedy and submitted additional correspondence to the Board. (*Id.* at 185-93.) However, appeals filed beyond the 30-day period set forth in the Board's regulation are untimely, the Board lacks jurisdiction to consider such appeals, and the Board is required to dismiss such appeals as being untimely. *McCaskill*, 631 A.2d at 1094-95. Because Castetter raised his challenge to the Board's recalculation of his parole violation maximum date **more than 3 years after the expiration of the 30-day period** in which to file such challenges, the Board did not err in dismissing Castetter's untimely appeals. *Id.* Thus, Castetter's appeal to this Court is frivolous as it "completely lacks factual or legal reasons that might arguably support" it, *Adams*, 885 A.2d at 1123.

For the foregoing reasons, we grant Counsel's Application to Withdraw and affirm the Board's May 30, 2018 Order.

_____
**RENÉE COHN JUBELIRER,** Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wayne Castetter, : 
                Petitioner :

           v. :    No. 892 C.D. 2018

Pennsylvania Board of Probation and :
Parole, :
                Respondent :

## O R D E R

**NOW**, May 7, 2019, the Petition for Leave to Withdraw Appearance as Counsel filed by Jessica A. Fiscus, Esquire, is hereby **GRANTED**, and the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge